UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| NICHOLAS ARNETT, | MEMORANDUM OF LAW AND DELCLARATION |
| Plaintiff, | |
| v. | Case No. 3:18-cv-220 |
| NATIONAL INQUISITION SERVICES LLC and RODNEY A. GIOVE | **JUDGE THOMAS M. ROSE** |
| Defendants. | **MAG. JUDGE MICHAEL J. NEWMAN** |

### **PLAINTIFF RODNEY GIOVE'S MOTION FOR PROTECTIVE ORDER**

Now comes Rodney Giove ("Giove") and moves this Court issue a Protective Order pursuant to Federal Rules of Civil Procedure Rule 26(c) in favor of the Defendant Giove.

### I. BACKGROUND.

On June 28, 2018, Plaintiff brought this action against National Inquisition Services, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* Plaintiff alleged that NIS communicated with third parties regarding his debt; misrepresented aspects of the debt; falsely threatened him with arrest and civil suits; and made unauthorized charges to his credit card. Plaintiff also alleged that Rodney A. Giove ("Giove") was a liable as a supervising attorney.

On or about December 20, 2018, Giove received a Notice of Deposition from Plaintiff's counsel, which is attached as Exhibit A. This Notice required Giove to be present at the office of Plaintiff's counsel on January 8, 2018 to be deposed in this action. On January 3, 2019, Giove via electronic email objected to the location pursuant to Federal Rules of Civil Procedure Rule 45(c) on the grounds that Giove both resides and works in Niagara County, New York. Giove also

advised Plaintiff's counsel that he was unavailable to be deposed on January 8, 2019 due to Giove's employment as a conflict (public) defender for Niagara County, New York. Giove, in this electronic correspondence of January 3, 2019, also pointed out to Plaintiff's counsel that the Deposition Notice was defective as it stated that the deposition was to take place on January 3, 2018, a date in the past. Giove could have simply ignored the Deposition Notice as same was facially defective as it called for an impossibility in terms of the date in which said deposition was to be conducted. Giove, in an attempt to amicably resolve these issues, instead contacted Plaintiff's counsel in an attempt to reset a mutually convenient deposition date and time. A copy of Giove's electronic correspondence to Plaintiff's counsel is attached as Exhibit B.

On January 3, 2019, Plaintiff's counsel responded to Giove's electronic email with a corrected Notice of Deposition that amended the deposition date to January 8, 2019. This electronic email, attached herewith as Exhibit C, also requested Giove to provide alternative dates for his deposition. Then, prior to Giove being able to provide alternative deposition dates, Plaintiff's counsel sent out an email on January 4, 2019, citing the case of *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 465 (N.D. Ill. 2007) in support of his position that he may set the place for deposition subject to a protective order granting a different location.

Plaintiff's counsel in support of his position that the deposition must take place in Ohio due to the failure of Giove to make initial disclosure without serious prompting and almost missing the Rule 16 telephone hearing. These arguments do not carry any validity as Giove did attend the Rule 16 telephone hearing as he was travelling from his duties as a conflict (public) defender in Niagara County to an appearance in criminal court in Erie County and initially had phone reception issues when travelling on Interstate 190, to his Buffalo court appearance, as the interstate runs along the US/Canada border causing issues when attempting to make or receive phone calls. Giove would

further note that if there was such an issue with making arrangements for initial disclosure, why was there no Court intervention sought by Plaintiff's counse;? Furthermore, Plaintiff's counsel fails to mention the timeliness of Giove's responses to various discovery demands made by Plaintiff's counsel. Plaintiff's counsel does not mention this in his electronic mail of January 4, 2019, yet in his electronic mail to Giove on December 18, 2108, he acknowledges receipt of Giove's responses to the discovery demands. A copy of the December 18, 2018 electronic mail received from Plaintiff's counsel is attached as Exhibit D.

In this same electronic email of January 4, 2019, Plaintiff's counsel states that Giove was likely to assert the attorney-client and work product privileges in response to question and that Plaintiff's counsel may need to call upon the Court to resolve this dispute. What Plaintiff's counsel fails to acknowledge that in this electronic mail that there was an issue relating to attorney-client privilege as part of Plaintiff's discovery requests and that the parties were able to resolve same with the necessity of court intervention. More importantly, even if such dispute were to arise during the course of the deposition, the appropriate remedy would be to call the Court to discuss such dispute. This call to the Court can be made regardless as to where the deposition is to be conducted as Pickerington, Ohio and Niagara County, New York are both in the same eastern time zone as the Court.

Furthermore, after Giove provided various dates for the deposition, Plaintiff's counsel via electronic mail on January 5, 2019, a copy of which is attached herewith as Exhibit E, offered to conduct the deposition on a weekend in Pickerington, Ohio. If there was such a legitimate concern to certain privileges being raised by Giove and the need for the deposition to take place in Ohio due to the necessity of potential court intervention, why would counsel want to conduct these depositions on a weekend when the Court would not be available to resolve any potential dispute

that Plaintiff's counsel is so concerned about.

Finally, it should be noted that Plaintiff has a pending motion before this Court seeking leave to amend their complaint. Plaintiff's motion to amend complaint is attached herewith as Exhibit F. As part of this motion seeking leave to amend their complaint, Plaintiff's counsel states that the amendment would limit the allegations against Giove to one count of civil conspiracy to violate 15 U.S.C. 1692e and 1692f. While, Giove will not comment on the allegations pending against Giove as part of this instant motion, Giove would note that the amended complaint significantly alters the scope of Plaintiff's allegations against Giove. This is in large part due to responses from Giove to previous discovery demands made by Plaintiff's counsel. In fact, it can be argued that a large portion of Plaintiff's motion relies on discovery provided by Giove.

## II. ARGUMENT

FRCP 30(b)(1) states in pertinent part: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." The default rule, therefore, is that the examining party "may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a difference place." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2112 (3d ed. 2012).

Although FRCP 30(b)(1) permits the party noticing the deposition to initially select the place of the deposition it is Giove who is actually seeking protection from Plaintiff's location selection. See: *The Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-18, 2011 WL 2118765 (S.D. Ohio May 25, 2011). To do so, Giove must demonstrate that good cause exists under FRCP 26(c)(1), namely, to protect them from "annoyance, embarrassment, oppression, or undue burden or

expense." Fed. R. Civ. P. 26(b)(c)(1). Moreover, "[a] motion for a protective order not to have a deposition at a particular site, or to compel deposition in a particular location, is considered by reviewing three factors of the cost, convenience, and litigation efficiency of the designated locations." *The Scooter Store*, 2011 WL 2118765, at *2 (citing *Sloniger v. Deja*, No. 09-CV- 858S, 2010 WL 5343184, at *5 (W.D.N.Y. Dec. 20, 2010)); see *Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-cv-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011); *Buzzeo v. Board of Educ., Hempstead*, 178 F.R.D. 390, 393 (E.D.N.Y. 1998).

### Cost

Giove believes that the cost factor should weigh in his favor because he is an individual being forced to defend this litigation with his own funds against Arnett, whereas Plaintiff's counsel has presumably taken this case on a contingency with no upfront costs or expenses due from the Plaintiff, Arnett. Giove would have to bear a significant expense in travelling to Columbus with either through air or ground transport as the location for the deposition is over six (6) hours from the location of Giove. The length of travel to and from Ohio for Giove would not only cause Giove to incur a substantial travel expense, but would also cause Giove to incur hotel accommodations due to the amount of travel incurred.

Furthermore, Giove as a conflict (public) defender, would be forced to miss work for a couple of days due to the travel involved as a result of the deposition. Having to miss work for a couple of days would cause a significant financial hardship for Giove especially when coupled with the travel expenses to Ohio.

### Convenience

Giove argues that this could cause significant hardship and inconvenience for Giove as he is a conflict (public) defender for Niagara County, New York and to travel to Ohio for depositions would cause him to miss a couple days of work. Giove's employment requires him to be present in

Niagara Falls City Court every morning to handle arraignments, preliminary hearing and pre-trial conferences for pending felony and misdemeanor cases.

Requiring Giove to travel to Ohio would cause a significant disruption in Giove's affairs as he would be unable to be present for any required criminal proceedings while be required to travel to Ohio. If the deposition was held where Giove was located in Niagara County, New York, this would allow Giove to perform his required job duties as a conflict (public) defender while also permitting Plaintiff's counsel to conduct their deposition of Giove.

Factors relevant for the Court to consider when conducting the convenience analysis include: "any hardship to counsel, the residence of deponents, and the extent to which the witness' affair might be disrupted." *The Scooter Store*, 2011 WL 2118765, at *2 (citing *Devlin v. Transp. Commc'n Int'l Union*, No. 95-cv-0752, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000)).

### Litigation Efficiency

Plaintiff's counsel attempted to previously argue that litigation efficiency weighs in his favor because having the deposition in Ohio would allow the parties to involve the Court in deposition disputes as they happen. Giove rebuts this point as Niagara County, New York is located in the same time zone as Ohio and the parties can certainly contact the Court via telephone if necessary.

It is the position that all of the above factors weigh in favor of having the deposition in Niagara County, New York.

In the alternative, and as may be relevant here, Rule 26 specifically authorizes the Court to issue a protective order "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C); *see Sullivan v. Dollar Tree Stores, Inc.*, CV-07-5020-EFS, 2008 WL 706698, at *1 (E.D. Wash. Mar. 14, 2008). Indeed, [t]his provision of Rule 26(c) is often invoked by motions seeking to conduct depositions by written questions pursuant to

Rule 31." 9 James Wm. Moore, et al., Moore Federal Practice § 26.105[4] (2015).

Here, good cause exists for the Court to order that Giove be deposed on written questions pursuant to Federal Rules of Civil Procedure 31. As Plaintiff's counsel has raised the issue of attorney-client and work privilege disputes as it relates to the deposition of Giove, the process required to safeguard this information during oral depositions will impose undue burdens on Giove and the written deposition format would significantly reduce the risk of inadvertent disclosure of privileged information.

To avoid that scenario and the unnecessary expenditure of time and money for counsel in this case to conduct a deposition wherever the Court decides, Giove's deposition should be conducted by written questions in a fashion that permits Giove to conduct a privilege review of the his anticipated answers prior to disclosure. Giove recognizes that Plaintiff should be able to make an appropriate record of the specific questions they want Giove to answer, and to which the Giove objects, should Plaintiff later decide to move to compel answers to those questions. But that record can be made appropriately and effectively on written questions. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") Courts have concluded that a deposition by written questions is an appropriate discovery method in similar situations where extensive privilege objections are likely to occur during an oral deposition. *See Gatoil, Inc. v. Forest Hill State Bank*, 104 F.R.D. 580, 582 (D. Md. 1985) (granting motion for deposition by written questions due to "travel expenses and fees" associated with conducting oral deposition where the witness intended to assert his 5th Amendment privilege against self-incrimination); *Fid. Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011) (concluding that oral deposition makes "little sense" given likely privilege objections and deposition by written questions would be "more convenient, less burdensome and less expensive"); *Am.*

*Standard Inc. v. Bendix Corp.*, 80 F.R.D. 706, 708 (W.D. Mo. 1978) (concluding that deposition by written questions would be sufficient "[t]o reveal any problems of privilege or other immunity to discovery that would arise if the deposition . . . were taken on oral questions").

Other courts have granted similar motions to convert oral depositions to depositions on written questions. *See, e.g., Gatoil, Inc.*, 104 F.R.D. at 582; *DBMS Consultants Ltd. v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 370 (D. Mass. 1990) (granting motion to avoid burdens of overseas oral deposition and concluding that party should first attempt to obtain the information it seeks by taking a deposition on written questions); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429, 437-40 (E.D. Pa. 1981) (ordering that deposition of a party's attorney be conducted by written questions due to, among other things, potential ethical issues).

Accordingly, Plaintiff should begin with depositions by written questions, with the Giove having the opportunity to perform a privilege review of his anticipated responses, and then the parties can consider whether an oral deposition would be necessary, perhaps on a discrete set of follow-up topics depending on Plaintiffs' litigation needs after they have reviewed the written answers. The propriety of asking written questions first with an option for the party to seek an oral deposition at a later date, if necessary, is well-recognized and should be the appropriate starting point in this case. *See Olivieri v. Rodriguez*, 122 3 F.3d 406, 409 (7th Cir. 1997); *Hyam v. Am. Exp. Lines*, 213 F.2d 221, 223 (2d Cir. 4 1954).

### III. CONCLUSION.

Giove's motion for a Protective Order should be granted.

Dated: January 21, 2018

_____
Rodney A. Giove
Pro Se Defendant
754 Park Place
Niagara Falls, New York 14301
(716) 573-6334
Raglaw36@gmail.com

## CERTIFICATION OF MEET AND CONFER

I, Rodney A. Giove, certify that I attempted in good faith to resolve this matter with Jonathan Hilton, Esq., before submitting the present motion.

## CERTIFICATE OF SERVICE

I, Rodney Giove, do hereby certify that I served these papers on this 21st day of January, 2019, to Jonathan Hilton, Esq..

_____
Rodney A. Giove